IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRASCENT MANAGEMENT CONSULTING, LLC, | § § § | No. 126, 2016 |
| Plaintiff-Below, Appellant, | § § § § | Court Below:  Court of Chancery of the State of Delaware |
| v. | § § § | C.A. No. 10915-VCM |
| GEORGE BOURI, | § § | |
| Defendant-Below, Appellee. | § § § § | |

Submitted: October 19, 2016
Decided:    November 28, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

Upon appeal from the Court of Chancery.  **AFFIRMED**.

Michael W. Arrington, Esquire, Michael W. Teichman, Esquire, Parkowski, Guerke & Swayze, P.A., Wilmington, Delaware; Michael S. Gardner, Esquire (*Argued*), Eric P. Haas, Esquire, Jeremy D. Camp, Esquire, Gardner Haas PLLC, Dallas, Texas, for Appellant.

Todd C. Schiltz, Esquire (*Argued*), Ryan T. Costa, Esquire, Drinker Biddle & Reath LLP, Wilmington, Delaware; Damian Christian Shammas, Esquire, Law Offices of Damian Christian Shammas LLC, Morristown, New Jersey, for Appellee.

**STRINE**, Chief Justice:

# I.     INTRODUCTION

An LLC—Trascent—hired a top executive—George Bouri—and installed him as a part owner, Managing Principal, and member of the Board of Managers of Trascent with responsibility for human resources, IT, and finance, positions Bouri occupied for about sixteen months.[1]  When Trascent terminated Bouri and sued him, for among other things, violating his employment agreement, Bouri sought advancement to defend himself in accordance with the plain language of both his employment agreement and Trascent's LLC agreement.[2]  Belatedly in the process of defending Bouri's motion for summary judgment, Trascent argued that the same employment contract on which many of its claims against Bouri were premised was induced by fraud and that Bouri could not receive advancement because the employment agreement was thereby invalid (and presumably that he would not have become a member of Trascent's board, and thus be entitled to advancement, under the LLC agreement absent that contract).  The Court of Chancery refused to countenance that defense to advancement, relying on the plain language of the agreements, which required that advancement be provided until a court made a final, nonappealable determination that indemnification was not required, and on the summary nature of the proceedings under 6 *Del. C*. § 18-108, the LLC

---

[1] Appellant's Opening Brief Ex. C at 4, 6 (Transcript of January 29, 2016 Court of Chancery Oral Ruling on Defendant-Counterclaim Plaintiff's Motion for Partial Summary Judgment) [hereinafter *Chancery Ruling*].  Bouri had also been involved with Trascent's predecessor for a short period of time.

[2] *Id*. at 7–10.

analogue to 8 *Del. C*. § 145.  Trascent has appealed, alleging that the Court of Chancery erred in making that ruling.

But we find it did not.  Where a party has employed an officer under a contract where that party agreed to provide for advancement for certain claims until a court's final judgment that the officer is not entitled to indemnification, that party may not escape the obligation by injecting into a summary advancement proceeding a defense based on the argument that the underlying contract under which the parties are operating is invalid altogether, because of fraud in the inducement.  As the Court of Chancery properly found, to allow such a defense, identical to what is properly a plenary claim on which Trascent has the burden of persuasion, would permit Trascent to escape its clear promise to make advancement until a court found indemnification inappropriate.  Sanctioning a defense of that kind would undermine the clear statutory purpose for providing a summary proceeding for advancement cases, by allowing entities to employ officers and directors under a promise of contractual rights and then seek to deny them those advancement rights in their contracts of employment by injecting into a statutory summary proceeding, by way of defense, a plenary claim that the underlying contract was induced by fraud.  Sanctioning that defense would undermine the General Assembly's purpose in making advancement proceedings summary in nature, by enabling an employer to engage a key manager on a

2

promise of advancement, and then introduce into summary proceedings for the enforcement of that right, a complicated plenary claim the basis for which will, as in this case, often overlap with the merits of the very claims triggering the manager's advancement rights. Thus, this Court agrees with the Court of Chancery's decision and affirms.

## II. ANALYSIS

The sole argument of Trascent on appeal is that the Court of Chancery erred by enforcing the plain language of the employment agreement and LLC agreement, which contain almost identical language, giving Bouri a right to advancement:

> Unless a determination has been made by final, nonappealable order of a court of competent jurisdiction that indemnification is not required, [Trascent] shall, upon the request of Executive, advance or promptly reimburse Executive's reasonable costs of investigation, litigation or appeal, including reasonable attorneys' fees; provided, however, that Executive shall, as a condition of Executive's right to receive such advances or reimbursements, undertake in writing to repay promptly the Company for all such advancements and reimbursements if a court of competent jurisdiction determines that Executive is not entitled to indemnification . . . .[3]

The LLC Agreement's advancement provision varies only in its use of "Covered Person" instead of "Executive."[4] Trascent argues that Bouri fraudulently induced

---

[3] App. Appellant's Opening Br. at A-198 (George Bouri Employment Agreement).
[4] *Id*. at A-221 (Trascent Management Consulting, LLC Operating Agreement). The parties do not dispute that Bouri is an "Executive," "Covered Person," or that he incurred losses for purpose of these proceedings. *Chancery Ruling* at 12.

3

the employment contract and LLC agreement[5] by making misrepresentations to Trascent's founder during employment negotiations.[6] Specifically, Trascent alleges that Bouri was not truthful about the circumstances surrounding his departure from his previous employer,[7] and materially misstated his personal financial situation.[8] Trascent argues that it relied on these misrepresentations and never would have entered into the employment agreement or made him a manager under the LLC agreement if it had known the truth.[9] Yet, in the over sixteen months Bouri was associated with Trascent and its predecessor—much less the longer period where Rakesh Kishnan, Trascent's founder, had engaged with Bouri to encourage Bouri to join the firm—Trascent did not become aware of the alleged fraud.

---

[5] During oral arguments, Trascent made a puzzling argument that the LLC agreement that formed Trascent and to which Rakesh Kishnan—Trascent's founder—and Itay Fastovsky—Trascent's other principal employee—were also parties in addition to Bouri was generally unenforceable. Trascent bases this argument on the premise that Bouri fraudulently procured his status as manager—and therefore a Covered Person entitled to advancement under the LLC agreement—through the same misrepresentations Trascent alleged Bouri employed to procure his employment agreement. But, in reality, taking into account the contents of the briefs and the Court of Chancery record, Trascent's argument more reasonably appears to be that absent Bouri's alleged misrepresentations of his background, which led to his employment agreement, Bouri would not have been appointed Manager under Article IV of the LLC agreement or otherwise been granted a position falling within the definition of Covered Person under the LLC agreement's Article VI and that therefore Bouri should not receive the benefit of the LLC agreement's protections for principal employees.

[6] Appellant's Opening Br. at 23–24.

[7] *Id*. at 8.

[8] *Id*. at 7–8.

[9] *Id*. at 24.

4

In rejecting Trascent's plea that it was entitled to refuse advancement until its newly minted claim for fraud in the inducement was adjudicated, the Court of Chancery relied on authority including *Tafeen v. Homestore, Inc.*[10] and *DeLucca v. KKAT Mgmt.*[11] In *Tafeen*, the Court of Chancery rejected an argument that an officer's alleged fraudulent inducement of his employment contract meant that he was not entitled to advancement provided under the company's bylaws.[12] Instead, the Court of Chancery distinguished between underlying conduct that might give rise to a fraud-in-the-inducement action against the officer and facts relevant to the court's limited analysis establishing the officer's right to advancement in summary proceedings, observing that the purpose of an advancement proceeding was "to determine [the officer's] entitlement to advancement under [the company's] governing rules."[13] The *Tafeen* court ignored conduct-related allegations that could form substantive causes of action for the purposes of the advancement proceeding, even when those allegations, if true, suggested the officer obtained the benefit of

---

[10] 2004 WL 556733 (Del. Ch. Mar. 22, 2004), *aff'd* 888 A.2d 204 (Del. 2005). *See Chancery Ruling* at 16–19 (discussing *Tafeen*).

[11] 2006 WL 224058 (Del. Ch. Jan. 23, 2006). *See Chancery Ruling* at 18–19 (discussing *DeLucca*).

[12] 2004 WL 556733 at *5.

[13] *Id.* As was the case in *Tafeen*, even if Trascent's fraud in the inducement claim on Bouri's employment agreement was cognizable in a summary advancement proceeding, it would not defeat Bouri's claim for entitlement to advancement under the LLC agreement. *Id.* As the *Tafeen* court observed, "[t]he Advancement Bylaw is not dependent upon Tafeen's employment contract." *Id.* at *5. As in *Tafeen*, allowing the substantive claims to be adjudicated now would encourage any employer offering advancement at the outset of an employment relationship to turn around and add a fraud in the inducement claim to a dispute to avoid making good on that obligation by injecting considerations of the merits of a deeper plenary claim into what ought to be summary proceedings.

5

advancement improperly, and instead only analyzed the obligations to advance expenses the employer had to the officer at the outset of the litigation.[14]

Similarly, in *DeLucca*, the Court of Chancery confronted a former employer making various arguments, both about the text of the advancement provision and the former employee's underlying conduct, to avoid providing advancement to the former employee. The Court of Chancery declined to credit those arguments, observing that "when an advancement provision is, by its plain terms, expansively written and mandatory, it will be enforced as written."[15]

Here, the Court of Chancery reasoned that a plaintiff—Trascent—who had plainly promised its officer—Bouri—advancement could not escape that important obligation by suggesting that the employment contract was invalid, thereby delaying the officer's right to receive advancement until the plaintiff's plenary claim could be adjudicated.[16] Rather, the Court of Chancery held that the right to advancement should be honored and enforced in accordance with the contract's plain terms to which Trascent and Bouri agreed at the beginning of Bouri's work, leaving Trascent with the right to proceed to prove that the contract was invalid and to recoup any improperly paid advancement in a plenary proceeding, such as a proceeding on indemnification or in the underlying suit for which advancement

---

[14] *Id.*

[15] 2006 WL 224058 at *13.

[16] *Chancery Ruling* at 18–20.

Bouri seeks to fund his defense. The Vice Chancellor tied this ruling to the plain language of the contract, stating "the contract language is clear: until a court determines that Trascent is not obligated to indemnify Mr. Bouri, Trascent must, upon Mr. Bouri's request and undertaking, cover both the legal fees and costs Mr. Bouri has incurred and those that he will incur as this litigation continues."[17]

Trascent knew when it entered the contract that Bouri would be entitled to advancement "[u]nless a determination has been made by final, nonappealable order of a court of competent jurisdiction that indemnification is not required."[18] Thus, Trascent knew it agreed to provide a right, subject to expedited specific enforcement, and it could not reasonably believe that it could deny that right simply by alleging that the contract was invalid. Trascent may later show that Bouri is not entitled to indemnification by proving that the entire employment agreement or the advancement provision was invalid and fraudulently induced. But, Trascent cannot refuse to provide advancement by arguing that Bouri has the duty in an advancement proceeding to disprove Trascent's belated allegations. That is especially so in this case when Trascent sued Bouri to enforce its rights under the same contract in which Bouri's right to advancement is set forth, when it was Trascent's own decision to sue that triggered Bouri's right to advancement, and when there is a great deal of overlap with Trascent's substantive claims which

---

[17] *Id*. at 13.
[18] App. Appellant's Opening Br. at A-221 (George Bouri Employment Agreement).

seek to deprive Bouri of the benefits of his previous employment and lose any further rights under the employment agreement and LLC agreement, including advancement, on the grounds that he induced his hire by fraud.

Equity requires that any fraud in the inducement claim be brought with alacrity, because it hazards great prejudice to allow a party to reap the benefits of a contract for itself while reserving the right to claim the contract is invalid. Here, Trascent not only employed Bouri as a Managing Principal for sixteen months[19] without seeking to rescind the contract but then sued Bouri on the contract.[20] Recognizing that allowing Trascent to avoid its contractual duty to make immediate advancement payments by making a belated fraudulent inducement claim would impede the efficiency of the summary mechanism provided by 8 *Del. C.* § 145(k) and impair the public policies served by contractual advancement provisions made in reliance upon that provision of the DGCL as well as the Limited Liability Company Act, the Court of Chancery properly refused to delay enforcing the plain language of the contract. This determination was sound and in keeping with our state's public policies.[21] "Advancement is an especially

---

[19] *Chancery Ruling* at 4, 6 (noting that Bouri entered the Employment Agreement on January 1, 2014, and was terminated on April 8, 2015); *see also id*. at 8–9.

[20] App. Appellant's Opening Br. at A-84 to -86 (Plaintiff Trascent Management Consulting, LLC's First Amended Complaint) (alleging Bouri's breach of his Employment Agreement).

[21] The Court of Chancery's sensible decision has an analogy in another context, where similar incentives for unproductive gamesmanship arise. Parties to agreements to arbitrate disputes often have second thoughts when a dispute actually comes. To escape their promise to arbitrate, these parties then argue that the contract requiring arbitration was induced by fraud and that they

important corollary to indemnification as an inducement for attracting capable individuals into corporate service."[22]   Thus, we affirm the Court of Chancery's well-reasoned decision.

therefore do not have to arbitrate, at least until the contract is shown to be untainted by fraud. Much like contracts for advancement, this state's public policy favors enforcement of valid arbitration agreements and therefore these arguments have been rejected by our courts (and the federal courts). *See, e.g.*, *Elf Atochem North America, Inc. v. Jaffari*, 727 A.2d 286, 292, 295 (Del. 1999); *SBC Interactive, Inc. v. Corporate Media Partners*, 714 A.2d 758, 761 (Del. 1998). "A claim of fraud in the inducement of the contract generally—as opposed to the arbitration clause itself—is for the arbitrators and not for the courts." *Karish v. SI Intern., Inc.*, No. 2002 WL 1402303 at *4 (Del. Ch. June 24, 2002) (*quoting Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967)); *see also Carlyle Inv. Mgmt. L.L.C. v. Nat'l Indus. Grp. (Holding)*, 2012 WL 4847089, at *10 (Del. Ch. Oct. 11, 2012), *aff'd*, 67 A.3d 373 (Del. 2013) ("Under Delaware and federal law, a party cannot escape a valid forum selection clause, or its analogue, an arbitration clause, by arguing that the *underlying contract* was fraudulently induced or invalid for some reason unrelated to the forum selection or arbitration clause itself."). This practice rightly avoids parties attaching an attack on the validity of the underlying agreement to every contract dispute to avoid its previously made promise to arbitrate. As illustrated by Trascent's late-arriving claims in this case, the temptation to renege exists for those who initially promised advancement too.
[22] *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 211 (Del. 2005).