IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KROENKE SPORTS & ENTERTAINMENT, LLC, OUTDOOR CHANNEL HOLDINGS, INC., SKYCAM, LLC, and CABLECAM, LLC, | § § § § § | No. 112, 2020<br><br>Court Below: Court of Chancery of the State of Delaware |
| Defendants Below, Appellants, | § § § § | C.A. No. 2019-0858-JTL |
| v. | § § | |
| NICOLAS A. SALOMON, | § § § | |
| Plaintiff Below, Appellee. | § | |

Submitted: April 20, 2020
Decided: April 23, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the appellants' motion for a stay pending appeal, the appellee's response, and the appellants' reply, it appears to the Court that:

(1) The defendants-appellants (the "Companies") filed this appeal from an order of the Court of Chancery, dated February 26, 2020 (the "Summary Judgment Order"), which granted plaintiff-appellee's ("Salomon") motion for summary judgment in an action for advancement of legal expenses under 8 *Del. C.* § 145 and an indemnification agreement between Salomon and defendant-appellant Outdoor Channel Holdings, Inc. The Summary Judgment Order directed the parties to,

among other things, submit a proposed order (the "*Fitracks* Order")[1] governing the procedure for submission of invoices and the handling of advancement payments through the final disposition of the underlying matter for which Salomon sought advancement.

(2)     The Companies moved in the Court of Chancery for a stay pending appeal. The Court of Chancery denied the motion for a stay, stating that "the appeal was not taken from a final order" and "[n]o one has sought interlocutory appeal, nor has anyone sought certification of a partial final judgment." The Companies now seek a stay from this Court. In addition to arguing that a stay is warranted under the factors articulated in *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Commission*,[2] they contend that the Summary Judgment Order was a final, appealable order. They analogize the procedure for ongoing oversight of Salomon's advancement claims to the procedure established in *Homestore, Inc. v. Tafeen*[3] and argue that because *Homestore* was not handled as an interlocutory appeal, this appeal also is not interlocutory.

(3)     We conclude that this appeal is interlocutory. As an initial, technical matter, the order from which the Companies appealed—that is, the Summary

---

[1] *See Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 1003 (Del. Ch. 2012) (establishing process for making periodic advancement demands).
[2] 741 A.2d 356 (Del. 1998).
[3] 888 A.2d 204 (Del. 2005).

Judgment Order—required the parties to submit a further, implementing order setting forth the process for submitting invoices and handling advancement payments until the litigation for which Salomon sought advancement is finally resolved. Thus, the Summary Judgment Order was not analogous to the *Homestore* order, as the Companies suggest. But even if the Companies had appealed from the *Fitracks* Order—which was proposed by the parties and adopted by the Court of Chancery after the appeal was filed—the appeal would be interlocutory because, under the *Fitracks* Order, the Court of Chancery retains jurisdiction to resolve disputes about the amount of fees and expenses for which Salomon demands advancement going forward.[4]

(4) The Companies argue that a determination that an appeal from a *Fitracks*-type order in an advancement case is interlocutory will mean that "advancement judgments are never appealable." To the contrary, in an appropriate case, a company might seek interlocutory review under Rule 42 of this Court,[5] or it might seek entry of a final judgment under Court of Chancery Rule 54(b).[6]

---

[4] *See, e.g.*, *Transperfect Global, Inc. v. Pincus*, 2019 WL 7369433 (Del. Dec. 31, 2019) (holding that appeals from orders establishing procedures for custodian's ongoing submission of fee petitions and trial court's oversight of that process were interlocutory).

[55] *See generally Traditions, L.P. v. Harmon*, 2020 WL 1646784 (Del. Apr. 2, 2020) (refusing interlocutory appeal from an order awarding advancement expenses under a *Fitracks* process).

[6] *See generally Trascent Management Consulting, LLC v. Bouri*, 152 A.3d 108 (Del. 2016) (affirming advancement decisions in appeal from *Fitracks*-type orders made final under Rule 54(b)).

(5) This appeal must be dismissed because it was taken from an interlocutory order. Absent compliance with Supreme Court Rule 42, this Court has no jurisdiction to hear this interlocutory appeal.[7] The motion for a stay pending appeal is therefore moot.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED. The motion for a stay pending appeal is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).