# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANK CIANCIULLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2025-0781-DG |
| | ) | |
| WEBINAR.NET, INCORPORATED, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT[1]

**WHEREAS:**

A.      Plaintiff Frank Cianciulli is a director of Defendant Webinar.Net, Incorporated ("Webinar"), a position he has held since his appointment in 2022.[2]  Webinar is a Delaware corporation with its principal place of business in Pleasanton, California.[3]

---

[1] In this report, citations to Plaintiff's exhibits appear as "PX"; citations to Defendant's exhibits appear as "DX."  Citations to the transcript of the oral argument, held on September 25, 2025, appear as "Tr." The Court cites to the draft transcript in the interest of resolving this action expeditiously and will amend this report when the official transcript is available.

[2] Pl.'s Compl. ("Compl.") ¶¶ 1–2, 5, 13, 24–31, 44, Docket Item ("D.I.") 1; Def.'s Ans. ("Ans.") ¶¶ 1–2, 5, 13, 24–31, 44, D.I. 9 (admitting Plaintiff is a director of Webinar). *See also* Tr. 19:08–19:10 (defense counsel admitting this arises from Plaintiff's board seat), 24:11–24:15 (stating that Plaintiff obtained a board seat).

[3] Compl. ¶ 14; Ans. ¶ 14.

B.     Plaintiff was appointed to the Webinar board by Wish Collaboration, Inc. ("Wish").[4]  Plaintiff is the founder, CEO and majority owner of Wish.[5]

C.     On April 4, 2023, Webinar filed a lawsuit against Plaintiff, Wish and two other defendants ("Underlying Action").[6]  In the Underlying Action, Webinar asserted six counts against Plaintiff, including four alleging breaches of fiduciary duty in Plaintiff's role as a director of Webinar.[7]

D.     It is undisputed that Webinar's bylaws contain a mandatory advancement provision.[8]  Section 44(c), in relevant part, states:

> The corporation [Webinar] *shall advance* to any person who was or is a party or is threatened to be made a party to any threatened, pending or

---

[4] *See* Compl. ¶ 24; Ans. ¶ 24.

[5] Compl. ¶ 13; Ans. ¶ 13. Plaintiff and Wish are represented by the same counsel. *See* Entry of Appearance, *Webinar.Net, Incorporated v. Frank Cianciulli et al.*, C.A. 2023-0397-DG (Del. Ch. Apr. 4, 2023), D.I. 24.

[6] Compl. ¶ 6; Ans. ¶ 6. *See also* Pl.'s Compl., *Webinar.Net, Incorporated v. Frank Cianciulli et al.*, C.A. 2023-0397-DG (Del. Ch. Apr. 4, 2023) ("Orig. Compl."). The Court may take judicial notice of filings in the Underlying Action. D.R.E. 202(d)(1)(C).  The initial complaint has been amended twice, as described in this Order.

[7] Orig. Compl. ¶¶ 65, 76–103.  The complaint included four counts asserted against Wish and two counts asserted against both Plaintiff and Wish.  *Id.* ¶¶ 67–70, 71–74, 91–114.

[8] Tr. 29:14–29:23. *See also* Pl.'s Op. Br. in Supp. of Pl.'s Mot. for Summ. J. ("OB") at 1–9 (recounting the factual background), D.I. 10; Def.'s Ans. Br. in Opp. to Pl.'s Mot. for Summ. J. ("AB") at 1, D.I. 16 ("To the extent Plaintiff sets forth facts in his statement of facts in support of summary judgment, they are accurate – albeit presented with legal conclusions and in an argumentative fashion.").

completed action, suit or proceeding, whether civil, criminal, administrative or investigative, *by reason of the fact that he is or was a director* or executive officer, of the corporation, or is or was serving at the request of the corporation as a director or executive officer of another corporation, partnership, joint venture, trust or other enterprise, prior to the final disposition of the proceeding, promptly following request therefor, *all expenses incurred by any director or executive officer in connection with such proceeding*[.][9]

E.      On April 11, 2024, Plaintiff made a demand for advancement under the bylaws and submitted an undertaking to repay non-indemnifiable fees and expenses.[10]  Webinar did not respond to the demand for more than one year.[11]  During this period, the parties engaged in settlement discussions[12] and mediation,[13] and Webinar filed its first amended complaint ("FAC").[14]

---

[9] PX 2 ("Bylaws") § 44(c), D.I. 10 (emphasis added).  Webinar admits that PX 2 is a true and correct copy of its bylaws.  Ans. ¶ 20.

[10] Compl. ¶ 33; Ans. ¶ 33.  Section 44(c) requires an undertaking to repay.  Bylaws § 44(c).

[11] Compl. ¶¶ 36–39; Ans. ¶¶ 36–39.

[12] Compl. ¶ 35; Ans. ¶ 35.

[13] Compl. ¶ 6; Ans. ¶ 6.

[14] FAC, *Webinar.Net, Incorporated v. Frank Cianciulli et al.*, C.A. 2023-0397-DG (Del. Ch. Jan. 25, 2025).  The FAC asserted seven counts against Plaintiff, including four alleging breaches of fiduciary duty in his role as a director of Webinar.  *Id.* ¶¶ 149–51, 153–55, 168–72, 179–86.  The FAC also includes three counts against Wish and four counts asserted against both Plaintiff and Wish.  *See id.* ¶¶ 141–47, 134–40, 158–65, 179–93, 204–15.

F.      On April 14, 2025, Webinar rejected the demand in its entirety.[15] Webinar argued that Plaintiff failed to meet the standard of conduct required for *indemnification*[16] and that Plaintiff "was not serving at the request of [Webinar] when he" engaged in the conduct outlined in Webinar's "forthcoming Second Amended Complaint."[17]   Webinar asserted that any decision to advance Plaintiff's fees and expenses would be discretionary.[18]

G.      On May 14, Webinar filed its second amended, and operative, complaint ("SAC").[19] The SAC includes five counts against Plaintiff, including three alleging breaches of fiduciary duty in Plaintiff's role as a

---

[15] Compl. ¶¶ 39, 41; Ans. ¶¶ 39, 41; OB, PX 13 *But see* FAC ¶¶ 150–51, 153–55, *Webinar.Net, Incorporated v. Frank Cianciulli et al.*, C.A. 2023-0397-DG (Del. Ch. Jan. 25, 2024) (seeking to remove Plaintiff from Webinar's board, but not explicitly seeking to deny him indemnification).

[16] OB, PX 13 at 2 ("Webinar is also seeking a declaratory judgment that Cianciulli is not entitled to indemnification[.]" (emphasis added)).

[17] *Id.*

[18] *Id.*; Compl. ¶ 41; Ans. ¶ 41. Webinar's bylaws also contain provisions relating to mandatory and permissive indemnification.  Bylaws § 44(a), (b).

[19] SAC, *Webinar.Net, Incorporated v. Frank Cianciulli et al.*, C.A. 2023-0397-DG (Del. Ch. May 14, 2025).

director of Webinar.[20] Plaintiff moved to dismiss the SAC nine days later, and briefing on the motion is underway.[21]

H.     On July 7, Plaintiff filed this advancement action.[22] Webinar filed an answer on July 28.[23] In its answer, Webinar conceded that Plaintiff satisfied all the prerequisites for advancement under its bylaws,[24] including that Plaintiff was, in part, sued by reason of his status as a director.[25]

I.     On August 1, Plaintiff filed a Motion for Summary Judgment ("MSJ") on his claim for advancement.[26] Webinar opposes the MSJ on two grounds. First, Webinar argues that the SAC alleges "conduct solely done for the benefit of Plaintiff and his other company, Wish," which creates a genuine

---

[20] SAC ¶¶ 139–41, 147–49, 161–65, *Webinar.Net, Incorporated v. Frank Cianciulli et al.*, C.A. 2023-0397-DG (Del. Ch. May 14, 2025). The SAC also includes two counts against Wish and one count asserted against both Plaintiff and Wish. *Id.* ¶¶ 155–60, 166–71, 172–78.

[21] Defs.' Mot. to Dismiss SAC, *Webinar.Net, Incorporated v. Frank Cianciulli et al.*, C.A. 2023-0397-DG (Del. Ch. May 23, 2024); *see* Order Governing Briefing Sched. on Defs.' Mot. to Dismiss, C.A. 2023-0397-DG (Del. Ch. July 28, 2025).

[22] *See* Compl., D.I. 1.

[23] Ans., D.I. 9.

[24] Ans. ¶¶ 13 (Plaintiff is a director), 3 (demand and undertaking submitted), 39 (Wish rejected Plaintiff's demand).

[25] Ans. ¶¶ 1–2 (admitting Plaintiff sued "by reason of his status as a director"), 5 (admitting Plaintiff "committed acts in his capacity as a member of Defendant's Board of Directors"), 30 (admitting Plaintiff sued "in part due to his misconduct as a Webinar director").

[26] MSJ, D.I. 10.

dispute of material fact as to whether Plaintiff meets the "by reason of the fact" standard in Webinar's bylaws.[27]  Second, Webinar argues that the equitable doctrine of unclean hands bars Plaintiff's advancement claim, which also raises a dispute of material fact.[28]

J.      On September 25, the Court held oral argument on the MSJ and took the matter under advisement.[29]

**IT IS ORDERED**, this 6th day of October, 2025, that:

1.      Plaintiff's Motion for Summary Judgment is GRANTED. Plaintiff is entitled to advance payment of fees and expenses reasonably incurred in connection with the Underlying Action, and to fees-on-fees, as provided in Sections 44(c) and (d) of Webinar's bylaws.

2.      Under Court of Chancery Rule 56, a motion for summary judgment will be granted if "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law."[30]  "The moving party bears the burden of establishing that there are no issues of material fact, and the court must review all evidence in the light most

---

[27] *See* AB at 5–6.

[28] *Id.* at 7, 9.

[29] D.I. 22.

[30] Ct. Ch. R. 56(c).

favorable to the non-moving party."[31]  The party seeking advancement typically bears the burden of proving its entitlement to advancement, but where a governing provision provides for mandatory advancement, the party opposing the demand bears the burden of proving that advancement is not required.[32]

3.  Webinar now concedes that Section 44(c) of Webinar's bylaws is a mandatory advancement provision.[33]  But it contends that genuine disputes of material fact preclude the Court from granting summary judgment to Plaintiff.[34]  Webinar acknowledges that it bears the burden of establishing that a genuine issue of fact exists for trial.[35]

4.  Webinar argues that Plaintiff is not entitled to summary judgment for two reasons.  First, the wrongful acts alleged in the Underlying

---

[31] *Sun-Times Media Gp., Inc. v. Black*, 954 A.2d 380, 389 (Del. Ch. 2008) (citing *Scureman v. Judge*, 626 A.2d 5, 10–11 (Del. Ch. 1992)).

[32] *See Gilbert v. Unisys Corp.*, 2024 WL 3789952, at *8 (Del. Ch. Aug. 13, 2024) (citing *Sassano v. CIBC World Mkts. Corp.*, 948 A.2d 453, 463–64 (Del. Ch. 2008)); *Imbert v. LCM Interest Hldg. LLC*, 2013 WL 1934563, at *5 (Del. Ch. May 7, 2013) (collecting cases).

[33] Tr. 29:18.

[34] *See* AB at 5–6, 9.

[35] *See id.* at 4 (agreeing with standards stated in Plaintiff's brief). *See also, e.g.*, *Stockman v. Heartland Indus. P'rs, L.P.*, 2009 WL 2096213, at *6 (Del. Ch. July 14, 2009) ("[T]he plain meaning of 'shall be advanced' is that advancement is mandatory.").

Action were taken in Plaintiff's personal capacity, not on behalf of Webinar.[36]

Second, the alleged misconduct was so extreme that the Court should reject Plaintiff's claim under the equitable doctrine of unclean hands.[37] Essentially, Webinar contends that it would be unfair to allow Plaintiff to obtain advancement on the facts of this case.[38] I address each argument, in turn.

**Plaintiff meets the requirements for mandatory advancement, and Webinar's "personal capacity" defense does not create a genuine dispute of material fact precluding summary judgment.**

5. In its answer, Webinar effectively conceded that the requirements for mandatory advancement have been met.[39] Nevertheless, in its answering brief Webinar argues that Plaintiff is not entitled to advancement because his conduct as a director was "not on behalf of Webinar, but for his own personal benefit[.]"[40] Webinar attempts to reconcile the inconsistent positions by arguing that Plaintiff "would still have been named [as a

---

[36] AB at 6.

[37] *Id.*at 7–9; Tr. 23:16–18 ("[T]he evidence in front of the Court establishes wrongdoing that absolutely amounts to unclean hands.").

[38] *See* Tr. 23:3–5 (arguing that advancement of litigation expenses would allow the corporate "victim" to be "kicked again at the time it's trying to get justice").

[39] Ans. ¶¶ 3, 33, 50, 55.

[40] AB at 6.

defendant] for" having committed the torts alleged in the complaint, even if Plaintiff were not a director.[41]

6.  Plaintiff contends this argument is irrelevant; Webinar chose to assert allegations against Plaintiff as a director, and it should not be permitted to recast the Underlying Action as a dispute primarily between Webinar and Wish—not Plaintiff—in order to avoid its advancement obligations.[42]

7.  I concur with Plaintiff.  It is not uncommon for companies to allege that advancement is not warranted because directors took official action for the primary purpose of lining their own pockets.[43]  The problem with this argument, as this Court has often explained, is that "it has no logical stopping point."[44]  It would undermine the policy supporting advancement to condition the right on the motivation ascribed to a director's conduct.[45]  In addition, accepting this argument would transform advancement proceedings into "trials on the merits of the underlying litigation."[46]  Consequently, "personal

---

[41] AB at 5.

[42] Pl.'s Reply Br. ("RB") at 4–5, D.I. 17.

[43] *Reddy v. Electronic Data Sys. Corp.*, 2002 WL 1358761, at *5 (Del. Ch. June 18, 2002).

[44] *Id.*

[45] *Id.*

[46] *Tafeen v. Homestore, Inc.*, 2004 WL 556733, at *5 (Del. Ch. Mar. 22, 2004).

motivation" is "not a defense to an advancement provision containing [a by reason of the fact] requirement" as a matter of law.[47]

8. Webinar contends its position finds support in this Court's decision in *Westphal v. United States Eagle Corporation*.[48] In that case, the court declined to grant summary judgment to a plaintiff seeking indemnification where the company argued that the plaintiff's actions were not taken in the best interest of the corporation.[49] The court determined that it had to hold a hearing on the issue in order to determine whether the plaintiff "acted solely without a corporate purpose" and would be denied indemnification.[50]

9. *Westphal* is distinguishable, and Webinar's reliance on the case is misplaced. *Westphal* was an action for indemnification, not advancement.[51] The standards for determining entitlement to indemnification and advancement are not identical.[52] An indemnification proceeding requires a factual inquiry into the events that gave rise to the litigation to determine if

---

[47] *E.g.*, *Tafeen*, 2004 WL 556733, at *4–5 (citing *Reddy*, 2002 WL 1358761, at *6).

[48] 2002 WL 31820973 (Del. Ch. Nov. 27, 2002).

[49] *Id.* at *1.

[50] *Id.*at *3.

[51] *See id.*at *1 ("This is an action by [p]laintiff . . . for indemnification . . . .").

[52] *Majkowski v. Am. Imaging Mgmt. Servs., LLC*, 913 A.2d 572, 586–87 (Del. Ch. 2006).

the party met the requisite standard of conduct required by Section 145 of the Delaware Code.[53] Indemnification is the right to be reimbursed for all covered out-of-pocket expenses and losses incurred in connection with an underlying claim, which can only be determined after the merits of the underlying proceedings have been resolved with finality.[54]

10.    Advancement and indemnification are related, but distinct, rights, addressed at different stages of a case.[55]    Advancement allows a <u>potential indemnitee</u> to have their litigation expenses paid as they are incurred, irrespective of whether they may ultimately be entitled to indemnification.[56] When this Court considers a claim for advancement, it does so after a summary proceeding, primarily based upon the terms of the relevant advancement provision(s).[57]  "Advancement is typically not conditioned on a finding that the party seeking advancement has met any standard of

---

[53] *Majkowski*, 913 A.2d at 586; 8 *Del. C.* §§ 145(a)–(b).

[54] *Majkowski*, 913 A.2d at 586.  *See also Sun-Times Media Gp.*, 954 A.2d at 389–406 (discussing duration of advancement rights and their relation to commencement of indemnification action).

[55] *Kuang v. Cole Nat. Corp.*, 884 A.2d 500,509–10 (Del. 2005).

[56] *Majkowski*, 913 A.2d at 586.

[57] *E.g.*, *Tafeen v. Homestore, Inc.*, 2005 WL 1314782, at *3 (Del. Ch. May 26, 2005) ("[T]o be of any value to the executive or director, advancement must be made promptly, otherwise its benefit is forever lost because the failure to advance fees affects the counsel the director may choose and litigation strategy that the executive or director will be able to afford."), *aff'd*, 886 A.2d 502 (Del. 2005).

conduct,"[58] and the Court generally may not consider the allegations in the underlying proceeding.[59]

11. Neither Delaware's advancement statute[60] nor Webinar's mandatory advancement provision[61] conditions Plaintiff's entitlement to advancement on a specific standard of conduct. Hence, *Westphal* is distinguishable, and Webinar cannot generate a genuine dispute of material fact by arguing that Plaintiff's actions were taken in a personal capacity, or to benefit himself, not Webinar.

**Webinar's "unclean hands" defense fails as a matter of law and does not preclude summary judgment for Plaintiff.**

12. Webinar next argues that the Court should deny Plaintiff's motion because his alleged misconduct is so "shocking" and "brazenly inequitable" that he comes to the Court with "unclean hands."[62] Webinar argues that it "should be permitted to present its defense at a hearing in which

---

[58] *Majkowski*, 913 A.2d at 586.

[59] *E.g.*, *Kuang*, 884 A.2d at 509–10.

[60] *Contrast* 8 *Del. C.* § 145(a) (requiring an indemnitee to have "acted . . . in a manner . . . reasonably believed to be in or not opposed to the best interests of the corporation.") *with* 8 *Del. C.* § 145(e) (lacking a standard of conduct requirement for advancement).

[61] *See* Bylaws § 44(c).

[62] *See, e.g.*, AB at 7 (stating the "facts establish … unclean hands or there remain fact disputes that must be resolved to make that determination"), 9 ("Plaintiff's conduct … should indeed shock the conscience of the Court.").

the Court can resolve any disputes of fact necessary to decide whether Plaintiff comes to court with clean hands."[63]

13. Webinar contends that the very means by which Plaintiff became a director were inequitable. "The SAC squarely alleges his directorship rests on shares for which Wish never paid."[64] In addition, Plaintiff argues: "[I]t is very clear that from the get go[,] [that Plaintiff] never intended to function as a director, that his goal all along was to get his nose through the door and then bring Webinar to its knees."[65] Under the circumstances, Webinar argues, granting summary judgment will "allow Plaintiff to inflict further injury on a clear victim of his . . . wrongdoing."[66]

14. Plaintiff maintains that Webinar's argument must fail as a matter of "black-letter Delaware law,"[67] because an unclean hands defense must be based on conduct associated with Plaintiff's advancement action, not on the wrongdoing alleged in the Underlying Action.[68] Webinar acknowledges that this Court ordinarily may not consider conduct alleged in underlying litigation

---

[63] AB at 9.

[64] *Id.* at 7.

[65] Tr. 22:2–22:5.

[66] AB at 10–11.

[67] OB at 2; *see also* RB at 9–14.

[68] RB at 9.

in support of an unclean hands defense in an advancement action but contends that this case is different. [69]

15. Webinar argues that Plaintiff affirmatively placed the allegations of the SAC before the Court in this advancement proceeding,[70] and that Plaintiff has not denied those allegations in this action.[71] Thus, Webinar argues, "the evidence in front of the court is all of our allegations verified and nothing on the other side of the equation."[72]

16. I concur with Plaintiff. Under Delaware law, unclean hands is a defense to advancement only where a defendant can demonstrate that the plaintiff engaged in inequitable conduct related directly to the advancement process itself.[73] For example, in *Nakahara v. NS 1991 American Trust,*[74] the plaintiffs seeking advancement withdrew a large sum from the governing trust before the court ruled on their advancement claim— in violation of a status

---

[69] "I understand that it's extremely rare. I think this case is sufficiently extreme that it merits being scrutinized for that closely." Tr. 21:09–11.

[70] Tr. 22:14–22:15. Plaintiff submitted the SAC to the Court with his other exhibits supporting the opening brief. *See* D.I. 10.

[71] Tr. 21:16–21:17. The declaration Plaintiff submitted with his opening brief does not deny the allegations in the SAC. *See* D.I. 10.

[72] Tr. 22:15–22:18.

[73] *E.g.*, *Tafeen*, 2004 WL 556733, at *6–7; *Nakahara*, 739 A.2d at 791–92 ("[T]he conduct that renders a plaintiff's hands 'unclean' must . . . relate directly to the matter in controversy.").

[74] 739 A.2d 770 (Del. Ch. 1998).

quo order—because they wanted to ensure that funds would be available to pay their fees and expenses if they prevailed.[75] The inequitable conduct and the advancement action were directed toward the same end: obtaining payment for the plaintiff's legal fees.[76]

17.    Webinar cannot allege conduct of this nature.  Even assuming, *arguendo*, that the SAC is "before the court," the misconduct alleged there cannot be considered "inequitable conduct *in making the advancement claim*."[77]   The misconduct bears some *relation* to Plaintiff's rights and obligations under the terms of Webinar's bylaws, but it does not have the "necessary and immediate" connection to Plaintiff's claim for advancement that is required.[78] Webinar essentially acknowledges the indirect link between the underlying conduct and "seeking advancement"[79] when it argues: "[T]his

---

[75] *Nakahara*, 739 A.2d at 791–92.

[76] *Id.*

[77] Def.'s Ans. Br. in Opp. to Pl.'s Mot. for Summ. J., *Tafeen v. Homestore, Inc.*, C.A. 023-CC, 30–32 (Del. Ch. Dec. 8, 2003) (emphasis added).

[78] *Nakahara*, 739 A.2d at 791–92.

[79] *Tafeen*, 2004 WL 556733 at *4–6  (distinguishing defenses raised in relation to conduct seeking advancement and conduct in the underlying proceedings, and rejecting the latter category.)

is like an original sin kind of analogy here."[80]  Unfortunately for Webinar, our courts have rejected the "original sin" argument.[81]

18.     Finally, this Court's decision in *eBay Domestic Holdings, Inc. v. Newmark*[82] does not help Webinar.  First, the case did not arise in the context of advancement.[83]  Second, the court recognized a genuine dispute of fact because it believed it was possible for defendants to meet the standards of an unclean hands defense.[84]  The Court does not believe that Webinar can meet the standards of an unclean hands defense here.

19.     The Court finds that there are no genuine disputes of material fact that preclude a grant of summary judgment.  Plaintiff is entitled to advancement of his fees and expenses under Webinar's mandatory advancement bylaw as a matter of law.[85]

---

[80] Tr. 24:21–24:22.

[81] *See Trascent Mgmt. Consulting, LLC v. Bouri*, 152 A.3d 108, 112 (Del. 2016) (rejecting attempt to avoid contractual advancement obligation by alleging the invalidity of the contract); *Tafeen.* 2004 WL 556733, at *6 (same).  The continuing victimization argument has also been rejected.  *See Reddy*, 2002 WL 1358761, at *5–6.

[82] 2009 WL 3806162 (Del. Ch. Nov. 9, 2009).

[83] The excerpt Webinar cites concerns a motion *in limine*.  *Id.* at *1.  The broader action concerned alleged breaches of fiduciary duty in a board's adoption of a rights plan.  *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1 (2010).

[84] *eBay*, 2009 WL 3806162 at *1 (stating "the standards of an unclean hands defense may be met" and "the doctrine does not appear to be definitively irrelevant" (internal quotations omitted)).

[85] *See Reddy*, 2002 WL 1358761, at *5; *see generally Tafeen*, 2004 WL 556744.

**Scope of Coverage**

20.     Under the plain language of Section 44(c), Plaintiff's entitlement to advancement runs from the time he was "made a party" to an action "by reason of the fact that he … was a director."[86] This occurred on April 4, 2023, when Webinar filed its original complaint.[87]

21.     The scope of the coverage is "all expenses [Plaintiff personally] incurred in connection with" the proceeding.[88]  Thus, for example, to the extent that counsel for Plaintiff and Wish did work related to claims asserted solely against Wish, they would not be properly advanceable.  To the extent counsel did work related to claims asserted against both Plaintiff and Wish, the expenses will have to be allocated between the defendants, and only the fees allocated to Plaintiff would be advanceable.  The parties will have to confer about these and other issues in connection with the next phase of this action.

---

[86] *See, e.g.*, *Gilbert*, 2024 WL 3789952, at *8–10 (applying Delaware contractual interpretation principles to an advancement provision in a corporation's governing documents).

[87] Orig. Compl., *Webinar.Net, Incorporated v. Frank Cianciulli et al.*, C.A. 2023-0397-DG (Del. Ch. Apr. 4, 2023).

[88] Bylaws § 44(c).

**Conclusion**

22.    Plaintiff's motion for summary judgment is GRANTED. Pursuant to the Chancellor's assignment letter,[89] either party may take exceptions to this report by lodging a notice of exceptions within three days after issuance of this order.[90]    If no exceptions are taken or this report is adopted by order of the Court, the parties must meet and confer, and submit a joint proposed implementing order that meets the requirements set forth in *Fitracks v. Danenberg*.[91]

*/s/ Danielle Gibbs*
Magistrate in Chancery

---

[89] D.I. 5.

[90] *See* Ct. Ch. R. 144(d)(2).

[91] 58 A.3d 991 (Del. Ch. 2012).